# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DELSHAUNE FLIPP,<br>          Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>)<br>)   U.S.D.C. C.A. No. |
| TOWN OF ROCKLAND, ROCKLAND<br>BOARD OF ASSESSORS, JOSEPH<br>SMITH, JAMES MCKINNON, and<br>JOSEPH GIBBONS,<br>          Defendants | )<br>**08 CA 11374 NMG**<br>)<br>)<br>)   MAGISTRATE JUDGE_____<br>) |

## COMPLAINT AND JURY DEMAND

### PARTIES

1.    The Plaintiff, Delshaune Flipp, is a resident of Rockland, Plymouth County, Commonwealth of Massachusetts.

2.    The Defendant, the Town of Rockland, is an independent body politic, organized under the laws of the Commonwealth of Massachusetts, and is located in Plymouth County, Commonwealth of Massachusetts.

3.    The Defendant, the Rockland Board of Assessors, is an agency of the Town of Rockland, having its usual place of business in Rockland, Plymouth County, Commonwealth of Massachusetts.

4.    The Defendant, Joseph Smith, is a resident of Rockland, Plymouth County, Commonwealth of Massachusetts

5.    The Defendant, James McKinnon, is a resident of Rockland, Plymouth County, Commonwealth of Massachusetts.

6.      The Defendant Joseph Gibbons is resident of Scituate, Plymouth County, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

7.      The Plaintiff is a black female.

8.      The Plaintiff became employed by the Defendant Rockland as a clerical employee on or about August 22, 2005.

9.      On or about January 4, 2007, the Defendant Rockland's Clerk's Office posted an opening for a clerical position for the Position of "Junior Administrative Assistant" at the "Assessors Department." (Posting Notice, Ex. 1.)

10.     This position became vacant because the person who held it, one Winifred Miller, retired.

11.     The posting set forth certain "[d]esireable (*sic*) [q]ualifications" for the position, and noted that the position was "covered by a collective bargaining agreement between the Town of Rockland and Independent Town Employee (R.I.T.E.), and is open to competitive bidding by union members before considering outside applicants."

12.     The Plaintiff has at all times relevant to this action been a member of the R.I.T.E. union.

13.     The Plaintiff was qualified for the position.

14.     On or about January 4, 2007, the Plaintiff submitted an application for the posted position to the Defendant Joseph Gibbons, who is employed as the Assistant Assessor by the Defendant Rockland.

15.     The Plaintiff was the only member of the R.I.T.E. union to apply for the open position.

2

16.     By on about May 22, 2007, neither the Plaintiff nor any individual had been appointed to fill the position.

17.     On or about May 22, 2007, the union presented a formal grievance to the Defendant Gibbons, demanding that the Plaintiff be appointed to the vacant position, because she was qualified for it, and entitled to be appointed under the terms of its collective bargaining agreement. (Ex. 2.)

18.     The Defendant Gibbons refused, and accordingly, by letter dated May 29, 2007, the union appealed the Defendant Gibbons' refusal to the Rockland Board of Selectmen. (Ex.'s 2 and 3.)

19.     On or about August 15, 2007, Mary Parsons, the Chairman of the Rockland Board of Selectmen, issued an order from the Rockland Board of Selectmen to the Board of Assessors to "take steps to fill" the vacant position in "accordance with provisions of the Collective Bargaining Union (*sic*)." (Ex. 4.)

20.     On or about August 20, 2007, and after he received the aforementioned instruction from the Board of Selectmen, upon receiving this instruction, Gibbons notified the Plaintiff in writing that he would interview the Plaintiff for the position on the following day, August 21, 2007. (Ex. 5.)

21.     Despite notifying the Plaintiff of the interview, the Defendant Gibbons told a third party that he would go only go through the motions of interviewing the Plaintiff for the position, but that he would not hire her.

22.     During the August 21, 2007 interview, the Defendant Gibbons acted in an antagonistic and hostile manner toward the Plaintiff, in an attempt to intimidate and humiliate her, including:

23.     Telling the Plaintiff he was only interviewing her because he had been required to do so by the Rockland Board of Selectmen;

24.     Referring to himself as an "elitist" during the interview, and speaking to the Plaintiff in a condescending manner consistent with his characterization of himself as an elitist;

25.     Handing the Plaintiff a job posting for the vacant position he himself had drafted, and which, after the R.I.T.E. union protested, the Rockland Board of Selectmen had forbidden him to post;

26.     Questioning the Plaintiff about qualifications in the posting he had been forbidden to post, which he knew were not part of the qualifications for the job;

27.     Asking the Plaintiff, in a derogatory manner, to define the meaning of words which had no rational relationship to her ability to perform the actual qualifications of the job she was seeking;

28.     Stating defiantly that the Board of Selectmen did not control the Assessors Department, and that they could not force him to hire her.

29.     On or about August 28, 2007, the Defendant Gibbons told the Plaintiff that she would have to submit to a second job interview, at which she would be tested in her ability to perform the duties of an administrative assistant in the Assessors Department.

30.     Upon information and belief, no Rockland clerical employee seeking another clerical position had ever been required to submit to such a test.

4

31.     Upon information and belief, the Defendant Gibbons devised this test to consist of tasks with which he knew that the Plaintiff would be unfamiliar, that were not part of the normal duties of the position she was applying for, in order to disqualify her for the position.

32.     During the course of the test, a third party whom Gibbons arranged to administer the test refused to answer the Plaintiff's reasonable questions about the tasks she was required to perform, and required her to perform tasks that were not performed by clerical workers in the Assessors Department.

33.     By letter dated August 27, 2007, the Defendant Gibbons made numerous disparaging comments about the Plaintiff. (Ex. 6.)

34.     Upon information and belief, the Defendant Gibbons published a copy of this letter, and a copy of the Plaintiff's application for the position, with his personal annotations, to third parties who had no hiring authority for the position, and made disparaging comments about the Plaintiff to these individuals.

35.     On September 17, 2007, the Defendants Smith, McKinnon, and Gibbons met once again, and once again refused to appoint the Plaintiff to the position, notwithstanding her qualifications for the job, the opinion of the Rockland Board of Selectmen, and the consistent practice the Defendant Rockland had observed in appointing similarly situated employees in previous years.

36.     On or about September 20, 2007, the Plaintiff filed a Charge of Discrimination against the above-captioned Defendants and other individuals with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission.

37.     The Defendants Gibbons, Smith, and McKinnon have knowledge that the Plaintiff filed this Charge.

38.     At all times relevant to this Complaint, up to an including through June 30 2008, the Junior Administrative Assistant position that the Plaintiff applied for has been fully funded by the Rockland Board of Selectmen, but has remained vacant.

39.     The Plaintiff has been ready, willing and able to fill the position, and is qualified to do so.

40.     The R.I.T.E. union has made numerous demands that the Defendants fill the position in accordance with the collective bargaining agreement.

41.     On the basis of the Plaintiff's race, and in retaliation for her having filed her Charge, the Defendants Gibbons, Smith, and McKinnon have continued to refuse to appoint the Plaintiff to the vacant position.

## JURISDICTION

42.     This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, federal question.

43.     The Plaintiff has satisfied all administrative prerequisites to suit under G.L. c. 151B and Title VII, 42 U.S.C. § 2000e.

## COUNT I

### Flipp v. All Defendants
### Race Discrimination
### Title VII, 42 U.S.C. § 2000e

44.     The Plaintiff incorporates by reference all allegations she has made in this Complaint, and their reasonable inferences.

45.     The Defendants have not appointed the Plaintiff to the position of Junior Administrative Assistant because of her race, in violation of Title VII, 42 U.S.C. § 2000e.

46.     The Plaintiff has suffered harm, injury, and damages as a result of the Defendants' violation of 42 U.S.C. § 2000e.

## COUNT II

**Flipp v. All Defendants**
**G.L. c. 151B**
**Race Discrimination**

47.     The Plaintiff incorporates by reference all allegations she has made in this Complaint, and their reasonable inferences.

48.     The Defendants have not appointed the Plaintiff to the position of Junior Administrative Assistant because of her race, in violation of G.L. c. 151B.

49.     The Plaintiff has suffered harm, injury, and damages as a result of the Defendants' violation of G.L. c. 151B.

## COUNT III

**Flipp v. All Defendants**
**Race Discrimination**
**42 U.S.C. § 1981**

50.     The Plaintiff incorporates by reference all allegations she has made in this Complaint, and their reasonable inferences.

51.     The Defendants have refused to hire the Plaintiff to the position of Junior Administrative Assistant, because of her race, in violation of 42 U.S.C. § 1981.

52.     The Plaintiff has suffered harm, injury, and damages as a result of the Defendants' violation of 42 U.S.C. § 1981.

## COUNT IV

### Flipp v. All Defendants
### Race Discrimination
### G.L. c. 93, § 102

53.     The Plaintiff incorporates by reference all allegations she has made in this Complaint, and their reasonable inferences.

54.     The Defendants have refused to hire the Plaintiff to the position of Junior Administrative Assistant, because of her race, in violation of G.L. c. 93, § 102.

55.     The Plaintiff has suffered harm, injury, and damages as a result of the Defendants' violation of G.L. c. 92, § 102.

## COUNT V

### Flipp v. Town of Rockland, Gibbons, and Rockland Board of Assessors
### Racially Hostile Work Environment
### Title VII, 42 U.S.C. 2000e

56.     The Plaintiff incorporates by reference all allegations she has made in this Complaint, and their reasonable inferences.

57.     By the acts described above, the Defendants created a hostile work environment that substantially interfered with Flipp's employment, on the basis of her race, including:

58.     the hostile manner in which Gibbons, with the consent of the other individual Defendants, conducted the interview;

59.     the conduct of the Defendant Gibbons, with the consent of the other Defendants, in forcing the Plaintiff to undergo an irrelevant testing procedure designed to humiliate her;

60.      the Defendants' continued refusal to appoint Flipp to the Junior Administrative Assistant Position;

61.      The Plaintiff has suffered harm, injury, and damages as a result of the Defendants' violation of 42 U.S.C. ¶§ 2000e.

## COUNT VI

### Flipp v. Town of Rockland, Gibbons, Rockland Board of Assessors
### Racially Hostile Work Environment
### G.L. c. 151B

62.      The Plaintiff incorporates by reference all allegations she has made in this Complaint, and their reasonable inferences.

63.      By the acts described above, the Defendants created a hostile work environment on the basis of her race, in violation of G.L. c. 151B.

64.      The Plaintiff has suffered harm, injury, and damages as a result of the Defendants violation of G.L. c. 151B.

## COUNT VII

### Flipp v. All Defendants
### Retaliation
### 42 U.S.C. § 2000e

65.      The Plaintiff incorporates by reference all allegations she has made in this Complaint, and their reasonable inferences.

66.      By filing her Charge of Discrimination, Flipp engaged in activity protected by 42 U.S.C. § 2000e.

67.      The Defendants have refused to appoint Flipp to the vacant position, in retaliation for her having filed the Charge, in violation of 42 U.S.C. § 2000e.

68.     The Plaintiff has suffered harm, injury, and damages as a result of the Defendants' violation of 42 U.S.C. § 2000e.

## COUNT VIII

### Flipp v. All Defendants
### Retaliation
### G.L. c. 151B

69.     The Plaintiff incorporates by reference all allegations she has made in this Complaint, and their reasonable inferences.

70.     By filing her Charge of Discrimination, Flipp engaged in activity protected by G.L. c. 151B.

71.     The Defendants have refused to appoint Flipp to the vacant position, in retaliation for her having filed the Charge, in violation of G.L. c. 151B.

72.     The Plaintiff has suffered harm, injury, and other damages as a result of the Defendants' violation of G.L. c. 151B.

## PRAYER FOR RELIEF

WHEREFORE, Flipp requests this Court to enter Judgment:

A.      Awarding her back pay, front pay, damages for emotional distress, compensatory and punitive damages, costs and attorney fees, as provided by Title VII, 42 U.S.C. § 2000e, G.L. c. 151B, 42 U.S.C. § 1981, and G.L. c. 93, § 102.

B.      Granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

THE PLAINTIFF

By her attorney,

Daniel W. Rice, BBO# 559261
GLYNN, LANDRY & RICE, LLP
639 Granite Street
Braintree, MA 02184
(781) 964-8377

Dated: August 10, 2008